NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THE STATE OF NEW JERSEY,

Plaintiff,

v.

WALTER H. MCINTYRE,

Defendant.

Civil Action No. 17-11277 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on *pro se* Defendant Walter H. McIntyre's ("Defendant") application to proceed without payment of fees pursuant to 28 U.S.C. § 1915, (ECF No. 1-1), and Defendant's Notice of Removal with Injunction (ECF No. 1). For the reasons stated below, the Court grants Defendant's application and remands the action for lack of jurisdiction.

**I.  FACTUAL BACKGROUND**

On August 13, 2017, Defendant was arrested in East Windsor Township, New Jersey and charged with knowingly possessing up to fifty grams of marijuana, in violation of N.J.S.A. § 2C:35-10A(4), and possessing drug paraphernalia, in violation of N.J.S.A. § 2C:36-2. (Compl. at 9, ECF No. 1.) On October 23, 2017, Defendant appeared before Judge Edward H. Herman in the East Windsor Municipal Court and, as he describes it, attempted to plead guilty to the facts but not the law. (Witness's Aff. 1-3, ECF No. 1, at 4.) Defendant states that his charges resulted in a conviction. (Aff. of Corporate Denial at ¶ 4, ECF No. 1.) On November 6, 2017, Defendant filed

the instant *in forma pauperis* application ("IFP Application") (IFP Appl. 1, ECF No. 1-1), and the instant Notice of Removal With Injunction (Notice of Removal with Inj. 1, ECF No. 1).

## II. **DISCUSSION**

### A. *Defendant's IFP Application*

An IFP application is subject to review by the Court and must include "an affidavit that includes a statement of all assets [he or she] possesses[, and] that the person is unable to [pre]pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In the Third Circuit, "leave to proceed *in forma pauperis* is based on a showing of indigence." *Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). The Court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Id.*

Here, in support of his IFP Application, Defendant submitted a statement of all his assets, income and expenses, as well as an affidavit. (*See* IFP Appl. 1-5.) Defendant's application is complete and indicates that his monthly income is approximately the same amount as the applicable filing fee. (*Id.* at 1-2.) The Court, accordingly, finds that Defendant has established his indigence and grants Defendant's IFP Application.

### B. *Removal Jurisdiction*

Defendant asserts that several statutes serve as the bases for removal of this criminal matter from state court to federal court. Specifically, Defendant cites to 18 U.S.C. §§ 3101-3118. (Not. of Removal with Inj. 1.) These statutes, however, are inapplicable to the instant matter and do not provide any jurisdictional basis for removal of criminal prosecutions in state court to federal court. *See e.g.*, 18 U.S.C. § 3102 (authorizing certain courts to issue search warrants); § 3107 (authorizing the Federal Bureau of Investigation to make seizures under warrants for violations of federal law);

2

and § 3117 (empowering courts to issue orders authorizing mobile tracking devices). In recognition of Defendant's *pro se* status, the Court will analyze Plaintiff's removal under the relevant removal statutes—28 U.S.C. §§ 1442, 1443.

Section (a) of 28 U.S.C. § 1442 provides for the removal of criminal proceedings and civil actions in state court against four categories of federal officers or federal agencies. *See* 28 U.S.C. § 1442(a)(1)-(4). This section, however, is not a proper basis for removal in the instant matter because Defendant does not allege, nor do any of the documents attached to his notice of removal suggest, that he is (i) an officer of the United States, (ii) an officer of United States courts, (iii) an officer of the United States House of Representatives or the United States Senate, or (iv) a "property holder whose title is derived from any such officer." *See id.*

Subparagraph (1) of 28 U.S.C. § 1443 allows a defendant "who is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens of the United States, or of all persons," to remove the criminal prosecution from state court to federal court. 28 U.S.C. § 1443(1). "[A] defendant seeking to remove a case under § 1443(1) must demonstrate that the rights claimed arise under a provision of the Constitution or federal law specifically designed to promote racial equality, and must also specifically allege that he has been denied or cannot enforce in the state court the right that was created by the civil rights law under which he seeks protection." *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 (3d Cir. 2016). Here, Defendant asserts that he was discriminated against by New Jersey's filing of the complaint and summons and Defendant references "common law fraud, defamation of character, . . . the 4th and 5th Amendment, . . . the False Claims Act," the Fair Debt Collection Act, and the Fair Credit Reporting Act. (Notice of Removal with Inj. 1, ECF No. 1.) Defendant also asserts that there were procedural defects in his criminal prosecution. (*Id.*) Defendant does not identify the specific

3

right that has been violated. Even construing Defendant's filings in the most liberal manner possible, the Court cannot conclude that any rights that are implicated by Defendant alleged facts are rights that arise "under a provision of the constitution or federal law specifically designed to promote racial equality." *Brown-Bey*, 637 F. App'x at 688. Accordingly, subparagraph (1) of 18 U.S.C. § 1443 is inapplicable in the instant matter.

"Subparagraph (2) [of Section 1443] applies only to 'federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights,' and state officers who refuse to do an act on the ground that it would be inconsistent with civil rights laws." *Id.* (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Defendant has not alleged that he is a federal officer or agent, or a state officer. Accordingly, 28 U.S.C. § 1443(2) does not provide a basis for removal of this matter. Because the Defendant failed to demonstrate a proper basis for removal, the Court must remand the action.

### III. <u>CONCLUSION</u>

For the reasons discussed above, the Court grants Defendant's IFP Application and remands the action for lack of jurisdiction. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

4